IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GIOVANNI MUCCI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMUNITY EDUCATION CENTERS, INC. | : | NO. 13-5221 |

**MEMORANDUM**

JONES, J.                                                OCTOBER    , 2013

Currently before the Court is plaintiff Giovanni Mucci's second amended complaint against Community Education Centers, Inc., which asserts a Fourth Amendment claim, pursuant to 42 U.S.C. § 1983, based on plaintiff's allegation that he was improperly strip-searched upon admission to the George W. Hill Correctional Facility. For the following reasons, the Court will dismiss the second amended complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.   **FACTS AND PROCEDURAL HISTORY**

This is plaintiff's third complaint against Community Education Centers ("CEC"), the entity in charge of the George W. Hill Correctional Facility. After granting plaintiff leave to proceed in forma pauperis, the Court dismissed his complaint without prejudice because he failed to describe a CEC policy or custom that led to the violation of his constitutional rights so as to state a claim under Monell v. Department of Social Services of N.Y., 436 U.S. 658, 694 (1978).

Plaintiff filed an amended complaint against CEC, in which he alleged that he was strip searched by a correctional officer

absent reasonable suspicion that he possessed contraband. He claimed that the officer searched him in violation of prison policy and his Fourth Amendment rights. The Court dismissed the amended complaint because it appeared that plaintiff was attempting to hold CEC vicariously liable for its employee in a § 1983 action. The Court also suggested that plaintiff's claim lacked plausibility in light of <u>Florence v. Board of Chosen Freeholders of County of Burlington</u>, 132 S. Ct. 1510 (2012). (<u>See</u> Oct. 2, 2013 Order ¶ 1 n.1.)

Plaintiff filed a second amended complaint against CEC. He alleges that he was detained and strip-searched by officers of the Upper Darby Police Department, and taken to a local hospital. Publicly available records of the related criminal proceedings in Delaware County reflect that, the day after plaintiff's arrest, numerous charges were filed against him – including various assault charges and a gun-related charge. <u>See</u> MJ-32133-CR-0000347-2012; MJ-32124-CR-0000185-2012; MJ-32253-CR-0000136-2012.

Four days after the arrest, plaintiff was admitted to the George W. Hill Correctional Facility. He alleges that, upon admission, he was strip searched by a correctional officer in accordance with CEC policy.[1] Plaintiff claims that the search was improper because the correctional officer lacked reasonable suspicion to believe that he possessed contraband. On that basis, he contends that his Fourth Amendment rights were

---

[1] The complaint does not elaborate upon the term "strip search."

violated, and seeks damages in the amount of $75,000.

## II. STANDARD OF REVIEW

As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the second amended complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Furthermore, the Court must construe plaintiff's allegations liberally because he is proceeding pro se. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

As noted in the Court's order dismissing plaintiff's amended complaint, the Supreme Court recently upheld a prison policy pursuant to which "every detainee . . . admitted to the general population [of a jail or prison might] be required to undergo a close visual inspection while undressed." Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1513 (2012). Such a policy is reasonable in light of the jail's

3

"substantial interest in preventing any new inmate[] . . . from putting all who live or work at [the jail] at even greater risk when he is admitted to the general population." Id. at 1520. In light of the need for a workable rule, the Court rejected the petitioner's argument that, prior to requiring detainees arrested of minor offenses to expose their private areas to be searched as a routine part of the intake process, a jail should be required to articulate a reasonable suspicion that the detainee is in possession of contraband. Id. at 1514-15 & 1520. However, the Court also limited its holding, observing that the circumstances of the case did not require it to decide whether such a search would be reasonable when "a detainee will be held without assignment to the general jail population and without substantial contact with other detainees," or in the case of "an arrestee whose detention has not yet been reviewed by a magistrate or other judicial officer, and who can be held in available facilities removed from the general population." Id. at 1522-23.

Here, plaintiff's Fourth Amendment claim is based entirely on the fact that he was strip-searched during intake absent a reasonable suspicion that he possessed contraband. However, under Florence, reasonable suspicion is not necessary before a detainee may be required to expose his private areas for inspection before being admitted to the general population of a prison. Plaintiff does not allege any facts suggesting that the search at issue falls within an exception to that rule; he does not claim that he was housed separately from other inmates,

4

assert that he had not been seen by a magistrate judge, or articulate additional facts that would render a strip search unreasonable here.² Plaintiff has not stated a plausible Fourth Amendment claim. See Blackwell v. Middletown Borough Police Dep't, Civ. A. No. 12-825, 2013 WL 3523931, at *11 (M.D. Pa. July 11, 2013) ("[T]he fact that the plaintiff was subjected to a strip search upon being placed into pretrial detention does not state a claim for a violation of the plaintiff's Fourth Amendment rights as a pretrial detainee, as the Supreme Court has recently made clear."); Barber v. Jones, Civ. A. No. 12-2578, 2013 WL 211251, at *8 (D.N.J. Jan. 18, 2013) ("[B]ecause Plaintiff does not allege facts showing that he was strip searched in a manner or purpose that was so outside the scope of reasonable search policy that it would rise to the level of a Fourth Amendment violation, this Court will dismiss Plaintiff's § 1983 strip search claim for failure to state a claim upon which relief may be granted.").

A district court should ordinarily give a pro se plaintiff leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir.

---

²Notably, in a separate complaint plaintiff filed on the same date he filed the instant case, he alleges that he was housed on the medical unit at the prison in a cell with four other inmates. See Mucci v. Community Education Centers, Inc., E.D. Pa. Civ. A. No. 13-5222 (Document No. 1-2.) In other words, he was housed in an area where he was likely to have substantial contact with other inmates. Accordingly, there is no reason to believe that any exceptions to the rule announced in Florence apply here.

2002). Here, the Court has already given plaintiff two opportunities to amend his complaint, and he has not been able to state a plausible claim. Accordingly, further attempts at amendment would be futile.

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's second amended complaint will be dismissed. An appropriate order follows.